HENRY E. OPPENHEIMER and JULIA D. STEINWAY, on Behalf of Themselves and of Other Similarly Situated Holders of Participation Certificates in the Mortgage Investments Guaranteed by BOND AND MORTGAGE GUARANTEE COMPANY under Guarantee No. 206436, Respondents, *v.* TITLE GUARANTEE AND TRUST COMPANY, Appellant.

First Department, February 18, 1938.

*Flynn L. Andrew* of counsel [*Richard S. Holmes, Harold P. Winans* and *Eugene Z. DuBose* with him on the brief; *Milbank, Tweed, Hope & Webb*, attorneys], for the appellant.

*Louis M. Fribourg* of counsel [*Albert W. Fribourg*, attorney], for the respondents.

GLENNON, J.   Upon the argument of this case it was agreed that the only point which remained for consideration was the sufficiency of the third cause of action as pleaded, the parties having stipulated for reversal upon the other grounds recited in the notice of appeal. The allegations with which we are concerned read as follows:

" *Twenty-sixth.* The sale of the participation certificates hereinbefore referred to to plaintiffs was a sale of goods within the Sales Act of the State of New York.

" *Twenty-seventh.* The warranties made by defendant to induce the purchase of the said participation certificates were false, untrue and misleading and there has been a breach of warranty by reason thereof entitling plaintiffs to rescind and plaintiffs have duly elected to rescind and have given notice thereof as set forth in the paragraph hereof marked and numbered ' Twenty-first.' "

The question involved is: Does section 150 of article 5 of the Personal Property Law apply to the sale of mortgage participation certificates wherein a rescission of the contract of sale is sought for breach of warranty?   We hold that this cause of action will not lie since the sale of mortgage participation certificates is not governed by the provisions of the Uniform Sales Act.

The respondents rely principally on *Wills* v. *Investors Bankstocks Corporation* (257 N. Y. 451) and *Agar* v. *Orda* (264 id. 248) to sustain their position.   Neither of these authorities is in point. Both cases dealt with stock certificates.   While it is true that the Court of Appeals has applied certain of the provisions of the Personal Property Law to stock certificates, still it does not follow that the same reasoning can be employed where real estate mortgages and participation certificates therein are involved.

In *Agar* v. *Orda* (*supra*) Judge LEHMAN said, in part: " a strong argument may be made that the Legislature did not intend to include certificates of stock in its definition of ' goods.'   Assuming that to be true, yet the fact remains that certificates of stock, like other ' goods,' are freely bought and sold in the market place and pass from hand to hand, and analogy so complete may dictate that the rules governing sales be applied alike to ' goods ' and other personal property freely bought and sold and passing from hand to hand."

Here we know that mortgages and mortgage participation certificates are not freely bought and sold in the market place and do not pass from hand to hand like certificates of stock.   Real estate mortgages, generally speaking, represent a permanent investment.   They are governed in so far as applicable by the provisions of the Real Property Law and not the Uniform Sales Act.   Futhermore, it must be remembered that mortgage participation certificates

were practically unheard of in 1911 when the Uniform Sales Act was enacted.

In order to issue a valid mortgage participation certificate, there must naturally be an underlying mortgage, or mortgages, which create an interest in the real property upon which it is a lien.

If more were needed to sustain our view, reference may be had to the case of *Rector, etc., Ch. St. Matthew, etc.*, v. *Title G. & T. Co.* (246 App. Div. 251; affd., 272 N. Y. 568), where Mr. Justice TOWNLEY said, in part: " It is true that implied warranties in the Sales Act do not apply to sales of mortgages (Pers. Prop. Law, § 155), but the common law applies." Section 155, which is entitled " Provisions not applicable to mortgages," reads as follows: " The provisions of this article relating to contracts to sell and to sales do not apply, unless so stated, to any transaction in the form of a contract to sell or a sale which is intended to operate by way of mortgage, pledge, charge or other security."

For the reasons assigned, the order in so far as it applies to the third cause of action should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the third cause of action contained in the complaint granted. In all other respects the matter is to be disposed of as stipulated by counsel.

MARTIN, P. J., O'MALLEY, TOWNLEY and UNTERMYER, JJ., concur.

Order, in so far as it applies to the third cause of action, unanimously reversed, with twenty dollars costs and disbursements, and motion to dismiss the third cause of action contained in the complaint granted. Settle order on notice.