508

■ In the Matter of WESTWIND RESTAURANT, INC., Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant. — Judgment, Supreme Court, New York County (Price, J.), entered November 2, 1981, granting petitioner's application to the extent of reinstating the liquor license and limiting the fine to $500, unanimously modified, on the law, to grant the petition only to the extent of vacating the penalty imposed by respondent and remanding to the respondent for a hearing at which petitioner shall be given an opportunity to submit evidence in mitigation of penalty, and otherwise affirmed, without costs. We agree with Special Term that the penalty of license cancellation and bond revocation ($1,000 fine) is unduly harsh in light of the "mitigation affidavit which sets forth explanations for the violations and perhaps places them in proper perspective and lack of magnitude". However, since the authority did not have this affidavit before it when the above sanction was imposed we find it appropriate to remand the matter to the agency for consideration of the mitigating evidence. (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 234.) Only upon a full record can the agency fix a penalty which is fitting to the gravity of the offense, and thus we are giving it the opportunity to do so. Concur — Murphy, P. J., Carro, Markewich, Lupiano and Bloom, JJ.

■ GIFTS OF THE ORIENT, INC., Appellant, v LINDEN COUNTRY CLUB, Respondent. — Order, Supreme Court, New York County (Scott, J.), entered on March 24, 1982, which granted the defendant's motion to dismiss the complaint, is unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated, without prejudice to defendant moving for summary judgment, if so advised. This is an action for specific performance of an oral agreement, wherein it is alleged that the plaintiff lessee made substantial renovations to the leasehold, thus removing the bar of the Statute of Frauds. It is alleged that the defendant owner refused to renew plaintiff's lease for an additional period of 10 years, as promised. Defendant moved to dismiss the action on the grounds that the complaint failed to state a cause of action (CPLR 3211, subd [a], par 7) and that the oral agreement violated the Statute of Frauds (General Obligations Law, § 5-703, subd 2). After considering the affidavits submitted by both parties in support of their respective positions, Special Term dismissed the complaint, finding that the oral agreement was unenforceable and that the plaintiff had not demonstrated a sufficient showing of part performance so as to invoke the exception to the Statute of Frauds. Plaintiff now appeals and maintains that Special Term considered the motion to dismiss as one for summary judgment without providing the parties with adequate notice of its intention to rule on a summary basis (CPLR 3211, subd [c]). We agree. In considering a motion to dismiss, the allegations in the complaint must be deemed to be true and given every favorable inference. (*219 Broadway Corp. v Alexander's, Inc.*, 46 NY2d 506.) Here Special Term abrogated that rule by summarily determining that plaintiff's allegations of part performance were insufficient to remove the bar of the Statute of Frauds. If Special Term was of the opinion that this issue and others could be decided, summarily, at that juncture, then the court was obligated to so inform the parties. Having failed to do so, the court could not treat this as a motion for summary judgment, which it did. (*Rovello v Orofino Realty Co.*, 40 NY2d 633; *Rich v Lefkovits*, 56 NY2d 276.) Concur — Murphy, P. J., Ross, Silverman, Bloom and Asch, JJ.