■ AMSTERDAM SAVINGS BANK, FSB, Appellant, v MARINE MIDLAND BANK, N. A., Respondent.—Casey, J. Appeal from an order of the Supreme Court at Special Term (Tenney, J.), entered April 24, 1985 in Madison County, which, inter alia, granted defendant's motion to dismiss the complaint for failure to state a cause of action.

Terra Domus Corporation (Terra Domus), now defunct and a nonparty to this suit, built an apartment complex in the Village of Morrisville, Madison County, in 1980 and 1981. Plaintiff is the permanent lender and mortgagee. Defendant is the construction lender for the project.

In 1982, plaintiff foreclosed on its mortgage and subsequently concluded that Terra Domus had failed to build the project in a workmanlike manner and in accordance with the specifications referred to in the mortgage commitment letters and in the buy and sell agreement. Plaintiff made the necessary structural changes in the complex and then sued to recover the cost thereof from defendant.

Plaintiff's complaint sets forth causes of action for breach of contract, negligent misrepresentation and breach of warranty. The cause of action for breach of contract stems from documents signed by the three parties. These documents include a buy and sell agreement between plaintiff and defendant and loan commitment letters between plaintiff and Terra Domus and defendant and Terra Domus. Relying on the requirement of the two commitment letters that the work to be done in a "good and workmanlike manner in accordance with specifications" and "prohibiting deviations * * * without written consent" by plaintiff and defendant, plaintiff alleges that defendant specifically breached paragraphs 7 and 8 of the agreement by failing to notify plaintiff of any default under the commitment letters and by failing to obtain plaintiff's consent for changes in the building specifications.

Paragraphs 7 and 8 of the agreement state:

"7. That in the event of default by Borrower under the construction loan or under the said commitment (including failure to comply with any of the terms thereof on or before the expiration date thereof), Construction Lender agrees to give Permanent Lender notice of default under the construction loan, and give to the Permanent Lender the right to purchase the loan at the amount advanced or amend its commitment. If the Permanent Lender refuses, the Construction Lender may enforce all its rights and remedies under its construction loan and Permanent Lender will have no obligation under this agreement or Permanent Lender's commitment to the Borrower or Construction Lender to make this loan.

"8. Construction Lender agrees that during the term of its loan it will not without the prior consent of the Permanent Lender consent to any change in the specifications of the

structure to be built or modifications in the terms of its construction loan."

In answer to the complaint, defendant moved to dismiss for failure to state a cause of action. Plaintiff cross-moved for summary judgment on the issue of liability. Special Term granted defendant's motion and denied plaintiff's cross motion.

On this appeal, plaintiff argues that its cause of action for breach of contract is maintainable upon its allegations that defaults occurred and that it received no notice thereof from defendant. Defendant contends that, in the absence of allegations that it had actual knowledge of defects that it failed to report, plaintiff's complaint is legally insufficient because defendant's duty under the contract had not been breached. We agree with Special Term in this regard. The interpretation of a written contract, which is clear and unambiguous in its terms, is a question of law for the court (Quinn v Buffa, 97 AD2d 752, 753). This agreement does not specifically require defendant to supervise the borrower's construction and report deficiencies to plaintiff, the permanent mortgagee. At best, defendant agreed to inform plaintiff of any known defaults by the borrower. Therefore, plaintiff's failure to allege that defendant knew of the default renders its complaint legally insufficient (see, Welch v Grant Dev. Co., 120 Misc 2d 493). Plaintiff herein reserved the right to inspect the work during the construction. Had plaintiff desired to create such a duty for defendant, the contract should have so provided, for the usual obligation and duty of a construction lender does not require supervision of the construction project (see, Nanuet Natl. Bank v Eckerson Terrace, 47 NY2d 243). To impose such a duty on defendant now would be tantamount to an impermissible judicial remaking of an agreement that the parties themselves failed to make (see, Rowe v Great Atl. & Pac. Tea Co., 46 NY2d 62). Plaintiff's cause of action for breach of contract was, therefore, properly dismissed.

Having determined that defendant had no duty at common law to inquire as to the manner of construction or to inform plaintiff of any defects (Nanuet Natl. Bank v Eckerson Terrace, supra), it follows that the duty imposed on defendant arose from the contract itself and plaintiff's losses are "economic damages" resulting from breach of contract. Plaintiff's second cause of action for negligent misrepresentation, which sounds in tort, is therefore not viable, as found by Special Term (see, Cayuga Harvester v Allis-Chalmers Corp., 95 AD2d 5, 25).

Finally, Special Term correctly dismissed the third cause of

action sounding in breach of implied warranty. This cause of action is applicable only to sales of goods under the Uniform Commercial Code *(Perlmutter v Beth David Hosp.,* 308 NY 100, 104). A sale of a mortgage is not such a sale of goods and the third cause of action also was properly dismissed *(see, Oppenheimer v Title Guar. & Trust Co.,* 253 App Div 356, 357-358).

Accordingly, the order of Special Term dismissing the complaint for insufficiency should in all respects be affirmed.

Order affirmed, with costs. Kane, Casey, Weiss and Levine, JJ., concur.

Mahoney, P. J., dissents in part and concurs in part in a memorandum. Mahoney, P. J. (dissenting in part and concurring in part). Although I agree with the dismissal of plaintiff's third cause of action, I disagree with the majority's holding that, in the absence of allegations that defendant had actual knowledge of defects in the construction work that it failed to report, plaintiff's complaint is legally insufficient. "A complaint survives a motion to dismiss for failure to state a cause of action if it gives the court and the parties notice of what is intended to be proved and the material elements of the cause of action" *(Burlew v American Mut. Ins. Co.,* 99 AD2d 11, 15, *affd* 63 NY2d 412). Conversely, for the defendant to succeed on a motion to dismiss, he must show conclusively that the plaintiff has no cause of action *(Rovello v Orofino Realty Co.,* 40 NY2d 633, 636; *Kaufman v International Business Machs. Corp.,* 97 AD2d 925, 926-927, *affd* 61 NY2d 930). The issue is whether the plaintiff actually has a cause of action *(Fields v Leeponis,* 95 AD2d 822; *see, Guggenheimer v Ginzburg,* 43 NY2d 268, 275), not whether the cause of action can be proved, and the complaint is deemed to allege whatever cause of action can be implied from its allegations by fair and reasonable intendment *(Lupinski v Village of Ilion,* 59 AD2d 1050).

Taking the facts as alleged by plaintiff to be true, as we must *(see, Credit Alliance Corp. v Andersen & Co.,* 65 NY2d 536, 541, n 1; *Becker v Schwartz,* 46 NY2d 401, 408), it is clear that the parties had a contract which required notice of defaults and that no such notice was given to plaintiff. Contrary to the majority's holding, the agreement did not limit defendant's duty to give notice of defaults of which it had knowledge and, accordingly, plaintiff was not required to allege actual knowledge. Although the agreement eventually may be interpreted so as to require actual knowledge of

default to trigger defendant's duty, such an interpretation must depend on the introduction of trial evidence. Here, since the motion to dismiss the complaint was made before issue was joined and Special Term did not give the parties notice that it was treating the motion as one for summary judgment (see, CPLR 3211 [c]; Gifts of the Orient v Linden Country Club, 89 AD2d 508), the motion court should not have indulged in a consideration of whether plaintiff could prove its claim, its sole duty being a determination of whether plaintiff had a claim. In my view, the complaint states a cause of action for breach of contract.

Finally, since I have concluded that plaintiff's complaint states a viable cause of action for breach of contract, it necessarily follows that I must dissent from the majority's view that plaintiff's second cause of action for negligent misrepresentation, which sounds in tort, is not viable.

In my view, plaintiff's complaint set forth the material elements of the tort of negligent misrepresentation. Plaintiff alleges a duty arising from a contract, a misrepresentation through nondisclosure of defaults and its justifiable reliance (see, White v Guarente, 43 NY2d 356, 363). While I concede that the factual issues are unresolved, the central inquiry on a motion to dismiss a complaint must be whether the plaintiff has sufficiently alleged the material elements of the cause of action so as to put the court and the defendant on notice. Here, plaintiff has done so in both its first and second causes of action.