■ AMSTERDAM SAVINGS BANK, Respondent, v MARINE MIDLAND BANK, N. A., Appellant.—Mikoll, J.

In 1981, defendant acted as construction lender to Terra Domus Corporation, the developer of a three-story residential building in the Village of Morrisville, Madison County. Plaintiff was the permanent lender in the transaction pursuant to a buy-sell agreement. In 1984 plaintiff commenced an action for breach of contract, breach of warranty and tort. The complaint alleged that there were defects in the construction and changes in plans, and that defendant breached the buy-sell agreement by failing to notify plaintiff of the Terra Domus Corporation's defaults as required by the buy-sell agreement.

Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) on the ground, *inter alia,* that the breach of contract cause of action failed to allege that defendant had actual knowledge of any defaults, a prerequisite to the notice requirement. Plaintiff cross-moved for summary judgment on the issue of liability but did not request leave to replead in the event Supreme Court granted defendant's motion. Supreme Court granted defendant's motion to dismiss the original complaint and this court affirmed *(see, Amsterdam Sav. Bank v Marine Midland Bank,* 121 AD2d 815, *appeal dismissed* 68 NY2d 766).

Subsequently, within the applicable six-year Statute of Limitations, plaintiff commenced the instant action and served a new complaint which included an allegation that defendant knew about the defaults under the contract. Defendant moved to dismiss this second complaint on the grounds that res judicata and the failure of plaintiff to seek leave to replead barred plaintiff from proceeding on the new complaint. Plaintiff cross-moved seeking denial of defendant's motion or, in the event that Supreme Court ruled its new complaint could not be served because it did not request leave to replead, for such leave. Supreme Court denied defendant's motion to dismiss the new complaint and dismissed plaintiff's cross motion for leave to replead as moot. This appeal followed.

There should be an affirmance. Plaintiff's new complaint is not barred to res judicata or by the failure of its original

complaint to request leave to replead. There was no adjudication on the merits and the Statute of Limitations had not run on plaintiff's cause of action.

The dismissal of a prior complaint for failure to state facts sufficient to constitute a cause of action is not on the merits and does not bar a second complaint on the same cause of action which corrects the defects or omissions adjudged to exist in the original complaint *(Allston v Incorporated Vil. of Rockville Centre,* 25 AD2d 545, 546). A judgment will not be given res judicata effect unless the dismissal appears to be "on the merits" *(Plattsburgh Quarries v Palcon Indus.,* 129 AD2d 844, 845; *see, Miller Mfg. Co. v Zeiler,* 45 NY2d 956, *lv denied* 50 NY2d 894; *Furia v Furia,* 116 AD2d 694).

The original complaint herein was dismissed pursuant to a CPLR 3211 (a) (7) motion to dismiss and was not treated as a motion for summary judgment. Although Supreme Court had the discretion to treat the motion as one for summary judgment, it did not apprise the parties of any intention to do so, thus precluding such treatment *(see, Rovello v Orofino Realty Co.,* 40 NY2d 633, 635; *Best v City of New York,* 101 AD2d 847). Consequently, there is no res judicata effect to Supreme Court's determination. Plaintiff's failure to request leave to replead in the circumstances of this case was merely an option. Its failure to exercise that option does not warrant dismissal of the second complaint. Supreme Court properly held that neither the doctrine of res judicata nor the provisions of CPLR 3211 (e) are applicable *(see,* 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3211.33).

Order affirmed, with costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.