■ CHERYL RAPP et al., Appellants, v BRIARCLIFF CONTEMPO-RARIES, INC., Respondent.—In an action to recover damages for breach of contract, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Zeck, J.), dated November 20, 1990, which, upon an order of the same court, dated November 13, 1990, granting the defendant's motion to dismiss the complaint with prejudice, and denying the plain-tiffs' cross motion to vacate a stipulation between the parties, is in favor of the defendant and against them.

Ordered that the judgment is affirmed, with costs.

Cheryl Rapp contends, *inter alia,* that the stipulation of settlement, into which she and her husband Howard Rapp entered with the defendant, was not binding on her because she was not present in court when the settlement offer was made, nor when it was placed on the record. She asserts that, although Howard Rapp agreed to the stipulation and ex-pressly stated that he acted as her agent, he was, in fact, not her agent, and she never agreed to the stipulation of settle-ment. Therefore, she contends, she cannot be bound by the stipulation of settlement. We disagree.

Cheryl Rapp did not attend any of the five days of the trial which took place before the defendant made the settlement offer. She relied entirely on her attorney and her husband to represent her interests during the trial. Under these circum-stances, we find that Howard Rapp had the apparent author-ity, if not the actual authority, to act as her agent. "[T]he existence of 'apparent authority' depends upon a factual show-ing that the third party relied upon the misrepresentations of the agent because of some misleading conduct on the part of the principal" *(Ford v Unity Hosp.,* 32 NY2d 464, 473; *see also, Hallock v State of New York,* 64 NY2d 224, 231). Here, the defendant reasonably relied upon Howard Rapp's authority to enter into the settlement agreement due to the fact that Cheryl Rapp had absented herself from the entire trial, and relied upon her husband and counsel to represent her inter-

ests. Furthermore, the Rapps made no motion to vacate the stipulation or challenge it in any way for nearly five months after Howard Rapp had entered into the stipulation of settlement. Therefore, Cheryl Rapp is bound by the settlement.

Howard Rapp argues that neither he nor his wife are bound by the stipulation of settlement because, at the time he agreed to it in open court, he was told by his attorney that the stipulation would be reduced to a writing, and that certain changes, which he desired, would be made before he signed it. However, the terms of the stipulation were stated in open court, and he said he understood and agreed to them. "Stipulations of settlement are favored by the courts and not lightly cast aside * * * This is all the more so in the case of 'open court' stipulations * * * within CPLR 2104, where strict enforcement not only serves the interest of efficient dispute resolution but also is essential to the management of court calendars and integrity of the litigation process. Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" *(Hallock v State of New York, supra,* at 230).

Here, Howard Rapp merely asserts that he was mistaken as to the legal effect of the stipulation. This is not ground for setting the stipulation of settlement aside *(see,* 21 NY Jur 2d, Contracts, § 123, at 530-531).

We have examined the Rapps' remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.