■ CHERYL RAPP et al., Respondents, v LAWRENCE LAUER, Appellant. [607 NYS2d 104] —In an action to recover damages for

legal malpractice, the defendant appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered August 11, 1993, which denied his motion to dismiss the complaint.

Ordered that the order is affirmed, without costs or disbursements.

The defendant Lawrence Lauer had represented the plaintiffs, Howard and Cheryl Rapp, in an action commenced by the Rapps against the construction company which had built the Rapps' home. Ultimately the Rapps entered into a stipulation of settlement with the construction company, whereby the Town Building Inspector would inspect the house and compile a list of defects, which the construction company was then to correct. Thereafter, the Rapps repudiated the settlement agreement and refused to allow the construction company to effect the repairs. The construction company moved to dismiss the action, with prejudice, that motion was granted, and this Court affirmed, finding the settlement agreement to be binding against the Rapps (see, Rapp v Briarcliff Contemporaries, 190 AD2d 785).

In an action brought by Lauer against the Rapps for his legal fee, the Rapps counterclaimed to recover damages for legal malpractice. Lauer moved to dismiss the counterclaim, and the Supreme Court denied the motion. This Court reversed, and granted Lauer's motion to dismiss, finding that the only allegation of damages which the Rapps had claimed was that the Building Inspector could not be trusted to reinspect the house for damage because the Town had originally issued an improper Certificate of Occupancy. This Court held that "an alleged fear that the Building Inspector might not properly inspect the house does not constitute an allegation of actual damages. Therefore, the defendants have failed to state a cause of action upon which relief may be granted, and the counterclaim is dismissed" (Lauer v Rapp, 190 AD2d 778, 779-780).

The Rapps then brought the instant action based upon the same alleged malpractice on the part of Lauer. Lauer moved to dismiss the action on the ground that it was barred by the doctrines of res judicata and collateral estoppel, and on the ground that the plaintiffs failed to seek leave to replead their counterclaim in the prior action. The Supreme Court denied the motion, and we affirm.

The prior dismissal of the Rapps' counterclaim to recover damages for legal malpractice was not on the merits but was

based upon a failure to allege actual damages. Thus, the doctrine of res judicata does not bar the present action *(see, Plattsburgh Quarries v Palcon Indus.,* 129 AD2d 844; *Miller Mfg. Co. v Zeiler,* 45 NY2d 956; *Furia v Furia,* 116 AD2d 694). In the instant action, the plaintiffs have corrected the defect in the prior pleading by alleging that the house was damaged beyond those damages which would have been covered by the stipulation of settlement with the construction company, and they are now left without recourse against the construction company because Lauer allegedly coerced them into entering into the inequitable settlement and falsely told Mr. Rapp that the agreement would be changed before it became final. Thus, we find that the Rapps have sufficiently stated a cause of action.

Lauer also contends that the present action is barred by the doctrine of collateral estoppel because the issue of the validity of the settlement agreement has already been decided by this Court in *Rapp v Briarcliff Contemporaries (supra).* However, the only issue decided in that case was that the stipulation was valid and enforceable by the construction company against the Rapps. It did not decide that the stipulation remedied all of the damage to the house. Nor did it decide that Lauer had performed his legal duties properly. It merely settled the action between the Rapps and the construction company, and forclosed any further action by the Rapps against the construction company. Thus, the instant action lacks the identity of issues necessary to bar the present action on the ground of collateral estoppel *(see generally, Ryan v New York Tel. Co.,* 62 NY2d 494, 500).

The present action is also not barred by the plaintiffs' failure to seek leave to replead their counterclaim in the prior action, pursuant to CPLR 3211 (e) *(see, Amsterdam Sav. Bank v Marine Midland Bank,* 140 AD2d 781, 782; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3211.33). Miller, J. P., O'Brien, Ritter and Krausman, JJ., concur.