■ CHERYL RAPP et al., Respondents, v LAWRENCE LAUER, Appellant. (And a Third-Party Action.) [644 NYS2d 569] —In a legal malpractice action, the defendant appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered June 26, 1995, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs payable by the plaintiffs, the motion is granted, and the complaint is dismissed.

The defendant, attorney Lawrence Lauer, represented the plaintiffs in an action against a construction company, Briarcliff Contemporaries, Inc. (hereinafter Briarcliff), which had built the plaintiffs' home. The complaint alleged numerous defects in the construction. The plaintiffs then settled with Briarcliff prior to completion of the trial. The plaintiffs breached the settlement agreement, and the action against Briarcliff was dismissed with prejudice (*see, Rapp v Briarcliff Contemporaries,* 190 AD2d 785). Thereafter, Lauer brought an action for his legal fees, and the plaintiffs counterclaimed for legal malpractice. The plaintiffs' counterclaim was dismissed for failure to state a cause of action because, although the plaintiffs alleged, among other things, that Lauer had coerced them into the settlement and told them that the settlement would be changed before it became binding, they failed to allege any actual damages (*see, Lauer v Rapp,* 190 AD2d 778). The plaintiffs then commenced the instant action for legal malpractice against Lauer, as well as a number of other related actions against other parties, and Lauer again moved to dismiss for failure to state a cause of action. Lauer's motion was denied, and this Court affirmed, stating, *inter alia:* "In the instant action, the plaintiffs have corrected the defect in the prior pleading by alleging that the house was damaged beyond those damages which would have been covered by the stipulation of settlement with the construction company" (*Rapp v Lauer,* 200 AD2d 726, 728). Lauer then moved for summary judgment, which motion was denied. We now reverse.

In order for the plaintiffs to have defeated the defendant's motion for summary judgment in which the defendant made out a prima facie case, it was necessary for the plaintiffs to

come forward with evidence to demonstrate that the settlement entered into was improvident and that they would have been entitled to a more beneficial settlement, but for the defendant's alleged misconduct (*see, Rogers v Ettinger,* 163 AD2d 257; *Luniewski v Zeitlin,* 188 AD2d 642; *Becker v Julien, Blitz, & Schlesinger,* 95 Misc 2d 64). The only evidence offered by the plaintiffs on this point are the affidavits and report of their expert, Jeffrey B. Kirby, who concluded that the house required repairs beyond those which would have been covered by the settlement with Briarcliff.

However, the settlement required Briarcliff to bring the house up to code, yet Kirby expressly excluded in his report "[p]erformance of calculations verifying if non-conforming items are code violations". Thus, Kirby excluded from his report consideration of the bulk of the settlement. Kirby also concluded that some of the deficiencies in the house were caused by the settling of the house, yet he stated that this fact was "beyond the scope of this report". Thus, Kirby did not consider what damage caused by the settling of the house could be traced to the alleged improper construction by Briarcliff, and whether such damages would have been cured by the settlement. That is, the additional damage caused by the settling of the house may have been avoided entirely had the plaintiffs complied with the settlement agreement with Briarcliff and had the repairs been performed. However, it is impossible to know whether this is true because Kirby never considered what damage was caused by the settling of the house. Furthermore, nothing in Kirby's report or affidavits explains the basis for any of his conclusions as to what damage to the house would or would not have been repaired by the settlement with Briarcliff. Thus, Kirby's assertion that the settlement with Briarcliff would not have cured all the defects in the house amounts to no more than a conclusory assertion insufficient to defeat a motion for summary judgment (*see, Spearmon v Times Sq. Stores Corp.,* 96 AD2d 552, 553; *McCarthy v State of New York,* 167 AD2d 516 [expert's conclusory opinion was insufficient to make out a prima facie case]). The defendant, therefore, is entitled to summary judgment in this case.

We have examined the parties' remaining contentions, including those of the third-party defendant, and find them to be without merit. Bracken, J. P., Thompson, Krausman and Florio, JJ., concur.