■ CHERYL RAPP et al., Appellants, v TOWN OF MT. PLEASANT et al., Defendants, and ALVIN HAUSMAN, Respondent. [644

NYS2d 571] —In an action, *inter alia,* to recover damages for the alleged negligence of an architect, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Lane, J.), dated May 15, 1995, which granted the defendant Alvin Hausman's motion for summary judgment and dismissed the complaint insofar as asserted against him.

Ordered that the order and judgment is affirmed, with costs.

The plaintiffs commenced this action alleging essentially, *inter alia,* that the negligent inspection of their house by the defendant Alvin Hausman caused them to underestimate the damage to the house caused by the construction company which built it, Briarcliff Contemporaries, Inc. (hereinafter Briarcliff). Thus, according to the plaintiffs, they commenced an action against Briarcliff for an amount insufficient to remedy the defects. The plaintiffs then settled with Briarcliff, but breached the settlement agreement. The plaintiffs' case against Briarcliff was, therefore, dismissed with prejudice (*see, Rapp v Briarcliff Contemporaries,* 190 AD2d 785). The plaintiffs then commenced this action, among others, attempting to recoup their losses on the house due to the defects which exist. The defendant Hausman moved for summary judgment, which motion was granted and the complaint insofar as asserted against him was dismissed. We now affirm.

For the reason stated in *Rapp v Lauer* (229 AD2d 383 [decided herewith]), the Supreme Court properly granted Hausman's motion for summary judgment. Bracken, J. P., Thompson, Krausman and Florio, JJ., concur.