■ ALBERT STEPHENSON et al., Appellants, v HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES UNION LOCAL 100 OF THE AFL-CIO et al., Respondents. [668 NYS2d 193] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about August 20, 1996, which granted the motion by defendants to dismiss the complaint with prejudice for failure to state a cause of action, unanimously modified, on the law and the facts, solely to the extent of granting plaintiff Stephenson leave to replead and vacating the sanction of $1,000 against plaintiffs' attorneys, and otherwise affirmed, without costs or disbursements. Order, same court and Justice, entered January 30, 1997, which denied plaintiffs' motion for a "rehearing", unanimously affirmed, without costs or disbursements.

As we have previously noted, to make out a prima facie case of discrimination pursuant to the New York Human Rights Law (Executive Law § 296 [1] [a]): "plaintiff was required to establish that she was in a group protected by the statute, that she was qualified for the position in question, that she was denied the position, and that that denial occurred 'under circumstances which give rise to an inference of unlawful discrimination' (*Texas Dept. of Community Affairs v Burdine*, [450 US 248] *supra*, at 253)." (*Sogg v American Airlines*, 193 AD2d 153, 156, *lv denied* 83 NY2d 754.)

The complaint was properly dismissed against both plaintiffs since they failed to allege either in the complaint or in opposition to the motion to dismiss that they were qualified for the positions from which they were terminated. However, we allow plaintiff Stephenson to replead since he submitted an affidavit in opposition that alleged his age when discharged as 64 and the fact that he had been replaced by a woman who was 25. In contrast, plaintiff Hodge did not submit an affidavit in opposition that similarly remedied any defects in the complaint as to him (*Rovello v Orofino Realty Co.*, 40 NY2d 633, 635).

The IAS Court properly denied the motion by plaintiffs for a "rehearing", now characterized as one to renew, since the

plaintiffs did not allege any facts that were unknown or unavailable to them at the time of the original motion (*Carey v Cunningham*, 191 AD2d 336). Finally, we vacate the sanctions imposed against plaintiffs' counsel of $1,000 to be paid to the Lawyers' Fund for Client Protection since we find that their actions did not rise to the level of "frivolous conduct" required pursuant to 22 NYCRR 130-1.1 (c). Concur—Sullivan, J. P., Rosenberger, Nardelli and Wallach, JJ.