■ Leroy Hodge, Respondent, v Hotel Employees and Restaurant Employees Union Local 100 of the AFL-CIO et al., Appellants. [703 NYS2d 184] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered July 15, 1998, which denied defendants' motion to dismiss the complaint on the grounds of res judicata and as time-barred, unanimously affirmed, without costs.

The motion to dismiss was properly denied because plaintiff's previous complaint of age discrimination in employment was dismissed for failure to state a cause of action, and not on the merits (see, Amsterdam Sav. Bank v Marine Midland Bank, 140 AD2d 781, 782). That the dismissal was not on the merits is plain from the court's statements that plaintiff's claims may have possessed merit but that the complaint was inartfully drafted and failed as a pleading, and that the court would consider the affidavit submitted by plaintiff for the limited purpose of remedying pleading deficiencies (see, Rovello v Orofino Realty Co., 40 NY2d 633, 635-636). Moreover, this Court affirmed the dismissal for failure to plead one of the elements of the cause of action for age discrimination in employ-

ment, i.e., that plaintiffs were qualified for the positions from which they were fired (*see, Stephenson v Hotel Empls. & Rest. Empls. Union Local 100*, 246 AD2d 457). The prior action having been dismissed solely for defects in the pleading, the present action is not barred by the doctrine of res judicata. Nor is the present action barred by the Statute of Limitations. Since the earlier action was not terminated by a final judgment on the merits, plaintiff, pursuant to CPLR 205 (a), had six months from the date of entry of the order determining his appeal to bring a new action. Finally, contrary to defendants' contention, the instant action is not barred by CPLR 3211 (e) (*see, Rapp v Lauer*, 200 AD2d 726). Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Rubin and Andrias, JJ.