*575 OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs, occupants’ motion to dismiss the petition denied, and petition reinstated.
In a prior summary holdover proceeding commenced by landlord on or about August 17, 2000 (Shahid v Rosado, Index No. L & T 88535/00), predicated upon the allegations that occupants were licensees or squatters, occupants moved to dismiss on several grounds, including the doctrine of res judicata. Specifically, occupants relied upon a decision and order dated April 5, 1999 (M. Sikowitz, J.), rendered in an earlier summary proceeding (Shahid v Rosado, Index No. L & T 109248/98), involving the same premises, wherein the court stated that the occupants were neither licensees nor squatters, having allegedly subleased the premises from the primary tenants, and dismissed the petition based on CPLR 3211 (a) (2), (7) and (8). By order dated November 16, 2000, the court (D. Jimenez, J.) denied the occupants’ motion based on the court’s findings, inter alia, that the alleged facts differed from the facts alleged in the previous proceeding. The proceeding was subsequently dismissed without prejudice when landlord’s process server failed to appear at the traverse hearing.
Landlord thereafter commenced the instant holdover proceeding. It is uncontroverted that the petition is virtually identical to that submitted in the prior proceeding bearing Index No. L & T 88535/00. The occupants again moved to dismiss on the ground, inter alia, that the proceeding was barred by res judicata based on Judge Sikowitz’s decision dated April 5, 1999. In opposition, landlord argued that Judge Jimenez’s order, dated November 16, 2000, resolved the issue against the occupants, and was binding on the court. By order dated May 21, 2001, the court denied the occupants’ motion based on its agreement with Judge Jimenez’s order, and findings of fact contained therein. The occupants thereafter moved for reargument and, upon reargument, the court granted the occupants’ motion to dismiss on the ground that the order dated November 16, 2000 could not be considered a “final order” for res judicata purposes since that proceeding was dismissed on jurisdictional grounds.
At issue before this court is whether the dismissal of the instant summary holdover was mandated by the doctrine of res judicata, or, whether the decision dated April 5, 1999 (M. Sikowitz, J.), which dismissed a prior proceeding (Index No. L *576 & T 109248/98) due to the landlord’s default in appearing, should be denied such preclusive effect.
The argument that res judicata barred a holdover proceeding (Index No. L & T 88535/00) commenced after that dismissal was rejected in an order dated November 16, 2000 (D. Jimenez, J.), which stated that:
“In the prior proceeding * * * the Court determined that the respondents were not squatters or licensees based on the allegations that the tenant of record occupied the premises and that respondents allegedly rented a portion of the apartment from the tenant of record * * * However, the alleged facts on this proceeding differ from the facts alleged in the previous proceeding. Here there is no allegation from either side that [the] tenant of record still occupies the premises or that respondents are renting the apartment from the tenant of record. Rather, this proceeding is based upon the allegation that the tenant of record surrendered possession of the premises * * * there remains an issue of fact as to whether or not the respondents are licensees or squatters.”
Since the proceeding in which the latter order was entered ultimately was dismissed due to the failure of the landlord’s process server to appear at a traverse hearing, the determination that res judicata is inapplicable lacks any preclusive effect (see Cauhape v Parke, Davis & Co., 121 NY 152). Nevertheless, the reasoning upon which it is based is worthy of adoption by this court.
In 175 E. 74th Corp. v Hartford Acc. & Indem. Co. (51 NY2d 585, 590 n 1), the Court of Appeals instructed that a dismissal for failure to state a cause of action only bars a later proceeding presenting “the same cause of action which fails to correct the defect or supply the omission determined to exist in the earlier complaint (Linton v Perry Knitting Co., 295 NY 14, 17)” (see also Rapp v Lauer, 200 AD2d 726; Amsterdam Sav. Bank v Marine Midland Bank, 140 AD2d 781).
The decision dated April 5, 1999 (M. Sikowitz, J.), dismissing the prior proceeding on default pursuant to CPLR 3211 (a) (2), (7) and (8), has no res judicata effect with respect to the instant petition. Even if we were to consider the allegations contained in the affirmation of the occupants’ counsel dated March 10, 1999 as having been conceded due to the landlord’s default, the movants merely alleged that Reynaldo Espinal was the tenant.
*577 The subsequent finding in the order entered under Index No. L & T 88535/00 (D. Jimenez, J.), following argument on November 3, 2000, holding that there is a change in the alleged circumstances, permitting litigation of the licensee proceeding, is correct inasmuch as there is no current claim that Reynaldo Espinal, the former tenant of record, remains in possession.
Based on the foregoing, the order granting dismissal should be reversed and the petition reinstated.
Patterson, J.P., Golia and Rios, JJ., concur.