■ In the Matter of ARCO IRIS NIGHT CLUB CORP., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [996 NYS2d 21]—

Determination of respondent, dated December 4, 2013, upon a finding of a violation of 9 NYCRR 48.3, revoking petitioner's on-premises liquor license with a $1,000 bond claim, unanimously modified, on the facts, to reduce the penalty of revocation of petitioner's license to cancellation of the license, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Cynthia S. Kern, J.]), entered on or about February 4, 2014, otherwise disposed of by confirming the remainder of the determination, without costs.

Respondent's finding that petitioner violated 9 NYCRR 48.3 by allowing unlicensed cabaret activity in its premises (*see* Administrative Code of City of NY § 20-360 [a]) is supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182 [1978]). The record includes the uncontroverted testimony of a police officer that on the night of January 20, 2013 he observed patrons dancing and moving around the dance floor at the licensed premises and testimony by petitioner's principal that demonstrated his awareness that illegal dancing was a concern. Petitioner placed "no dancing" signs in the premises and retained security guards to curtail illegal dancing. However, there was no testimony as to any efforts by the security guards, or anyone else employed by petitioner, to stop any of the 20 patrons observed dancing on the night in question (*cf. Matter of Albany Manor Inc. v New York State Liq. Auth.*, 57 AD3d 142, 145 [1st Dept 2008]).

Respondent's promulgation of 9 NYCRR 48.3, which requires on-premises licensees to conform with all applicable building codes and governmental regulations, was not ultra vires, since its purpose is to further implement the Alcoholic Beverage Control Law, it does not "add[ ] a requirement that does not exist," and it is in harmony with the Alcoholic Beverage Control Law (*Matter of Jones v Berman*, 37 NY2d 42, 53 [1975]; *see also Matter of 47 Ave. B. E. Inc. v New York State Liq. Auth.*, 13 NY3d 820 [2009]).

However, viewing the circumstances in their totality, we find the penalty of revocation, which may result in the loss of two other liquor licenses held by petitioner's principal, so excessive and disproportionate to the single offense of unlicensed cabaret as to shock our sense of fairness (*compare Matter of Cris Place, Inc. v New York State Liq. Auth.*, 56 AD3d 339 [1st Dept 2008]; *Matter of Albany Manor, Inc., v New York State Liq. Auth.*, 44 AD3d 759 [2d Dept 2007]). Petitioner's past history cannot be considered without the mitigation evidence, "which sets forth explanations for the violations and perhaps places them in

proper perspective and lack of magnitude" (*Matter of Westwind Rest. v New York State Liq. Auth.*, 89 AD2d 508, 508 [1st Dept 1982] [internal quotation marks omitted]). This evidence includes the facts that petitioner's attempt to obtain a cabaret license was thwarted by its landlord's failure to correct building violations, and when the violations were cleared—before respondent issued its determination—petitioner reported an intent to file an application as soon as the landlord resolved one outstanding issue, and that, before the determination was issued, petitioner replaced the security company it had been using at the time of the violation. We find that reducing the penalty from revocation to cancellation is appropriate (*see generally Matter of Shore Haven Lounge v New York State Liq. Auth.*, 37 NY2d 187 [1975]). Concur—Mazzarelli, J.P., Acosta, DeGrasse and Clark, JJ.