Ray v Ray (2018 NY Slip Op 01271)





Ray v Ray


2018 NY Slip Op 01271


Decided on February 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 22, 2018

Friedman, J.P., Sweeny, Kahn, Singh, Moulton, JJ.


153945/14 5815 5814

[*1]Ames Ray, Plaintiff-Appellant,
v
Christina Ray, et al.,


McLaughlin & Stern LLP, New York (Peter C. Alkalay of counsel), for appellant.
Law Offices of Donald Watnick, New York (Donald E. Watnick), for respondents.



Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered June 28, 2016, awarding defendants sanctions against plaintiff, unanimously modified, on the law and the facts, to vacate the award of sanctions, and otherwise affirmed, without costs.
As this Court's decision in the prior appeal indicates, the 2010 complaint was dismissed not on the merits but due to pleading defects (see Ray v Ray, 108 AD3d 449 [1st Dept 2013]). Therefore, the present complaint is not barred by the doctrines of res judicata or collateral estoppel (Hodge v Hotel Empls. & Rest. Empls. Union Local 100 of AFL-CIO, 269 AD2d 330 [1st Dept 2000]).
Nevertheless, the complaint was correctly dismissed for failure to state a cause of action. The petition lacks the factual allegations and evidence required to support the contention that Christina Ray fraudulently transferred funds to Guarnerious and Dechert LLP in violation of Debtor and Creditor Law § 273 (see generally Jaliman v D.H. Blair & Co. Inc., 105 AD3d 646, 647 [1st Dept 2013]).
Similarly, the complaint does not plead intent to defraud sufficiently to support a claim under DCL § 276. The fraudulent conveyance claims are not pleaded in sufficient detail to satisfy the heightened particularity requirement of CPLR 3016 [b] (see Ray, 108 AD3d at 451). Additionally, plaintiff did not properly rely on the "badges of fraud" to show actual intent to defraud or hinder present or future creditors (RTN Networks, LLC v Telco Group, Inc., 126 AD3d 477, 478 [1st Dept 2015]).
In light of our decision to grant the motion on the pleadings, the award of sanctions is vacated (Omansky v Lapidus &
Smith, 273 AD2d 110, 111 [1st Dept 2000]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 22, 2018
CLERK