■ PLATTSBURGH QUARRIES, INC., Respondent, v PALCON INDUSTRIES, INC., Appellant.—Casey, J. P. Appeal from an order of the Supreme Court at Special Term (Walsh, Jr., J.), entered January 3, 1986 in Clinton County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff and defendant entered into a contract in 1983 whereby plaintiff was to supply defendant with asphaltic concrete and trucking services in connection with defendant's contractual obligation to do the paving of a roadway and parking facilities at the Altona Correctional Facility in Clinton County. Plaintiff alleges that it agreed, at defendant's request, to keep its plant operating beyond the normal closing time in mid-November 1983 and that defendant agreed to

make certain payments for this service over and above the agreed-upon price of the materials. In this action, plaintiff seeks to recover the amount allegedly due from defendant as a result of plaintiff's continued operation of its plant beyond the normal closing date in November 1983. Plaintiff also seeks to recover certain interest allegedly due under the contract as a result of defendant's late payment for materials. Defendant contends that under the doctrine of res judicata, this action is barred as a result of the dismissal of the complaint in a prior action between the parties. We disagree.

In the prior action, plaintiff sought to foreclose on a lien allegedly obtained pursuant to Lien Law § 5, which provides a lien for persons furnishing materials to a subcontractor on a public improvement project. On appeal from an order denying defendant's motion to dismiss the prior complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), this court held that neither the payments due for keeping the plant open nor the interest charges were proper subjects of a public improvement lien under Lien Law § 5 *(Plattsburgh Quarries v Palcon Indus.,* 111 AD2d 1069). We, therefore, found that plaintiff did not have a valid lien upon which it could foreclose, and we dismissed the complaint.

In determining the scope of the res judicata effect to be given a judgment dismissing a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the traditional rule has been that unless the judgment specifies that it is on the merits, it will not be given res judicata effect except to the extent that the judgment will be deemed conclusive as to the point it decided *(see, Furia v Furia,* 116 AD2d 694, 695; *Deacon's Bench v Hoffman,* 101 AD2d 971, 972). This rule had its genesis in the combined impact of the common-law principal that only a final judgment on the merits can be given full res judicata effect and the restriction contained in CPLR 5013, which provides, "A judgment dismissing a cause of action before the close of the proponent's evidence is not a dismissal on the merits unless it specifies otherwise" *(see, VanMinos v Merkley,* 48 AD2d 281, 284; *see also,* 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5011.11). The Court of Appeals, however, has recently said, "CPLR 5013 does not require that the prior judgment contain the precise words 'on the merits' in order to be given *res judicata* effect; it suffices that it appears from the judgment that the dismissal was on the merits" *(Strange v Montefiore Hosp. & Med. Center,* 59 NY2d 737, 739). Nevertheless, the traditional rule retains its vitality where the dismissal does not appear to be the results of a merits determina-

tion *(see, Maitland v Trojan Elec. & Mach. Co.,* 65 NY2d 614). Given the limited scope of a determination on a motion addressed to the sufficiency of the pleadings, even where the parties submit affidavits *(see, Rovello v Orofino Realty Co.,* 40 NY2d 633), we conclude that the dismissal of the complaint in the prior action was not sufficiently close to the merits for claim preclusion purposes to bar a second action *(see, Matter of Farkas v New York State Dept. of Civ. Serv.,* 114 AD2d 563; *cf., Smith v Russell Sage Coll.,* 54 NY2d 185, 194).

In the prior action, the complaint asserted a single cause of action, seeking to foreclose on a mechanic's lien, and the complaint was found to be legally insufficient because, as a matter of law, plaintiff had no lien upon which to foreclose. In the action at bar, plaintiff has remedied this deficiency by deleting the claim based on foreclosure of the lien and substituting a claim for money damages based upon breach of contract. Since the prior dismissal is not to be given full res judicata effect, plaintiff is not barred from asserting a new and different claim, even though it arises out of the same factual grouping.

We note as a final point that CPLR 3211 (e) provides a method for obtaining leave to replead in the event that a motion to dismiss for legal insufficiency is granted, and had plaintiff complied with this provision, the delay and cost resulting from the commencement of this action, the subsequent motion to dismiss and this appeal would have been avoided *(see, VanMinos v Merkley, supra,* at 287-288 [Simons, J., dissenting]).

Order affirmed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.