**Walter N. IWACHIW, Plaintiff,**

v.

**NYC BRD OF EDUCATION, Brd of Cooperative Services Nassau, Brd of Cooperative Services Eastern Suffolk, Brd of Cooperative Services Western Suffolk, Brd of Cooperative Services Westchester, Meizner Business Machines, Microsoft Corporation, J & L Information—Services (Chatcom, Inc.), Defendants.**

No. CV–00–2341(ADS).

United States District Court, E.D. New York.

March 29, 2002.

Walter N. Iwachiw, Huntington, NY, Plaintiff Pro Se.

Cooperation Counsel of the City of New York, New York City (Assistant Corporation Counsel John L. Hunt, of Counsel), for the Defendant New York City Board of Education.

Devitt, Spellman, Barrett, Callahan, Leyden & Kenney, LLP, Smithtown, NY (Diane K. Farrell, of Counsel), for the Defendants Board of Cooperative Services Nassau, Board of Cooperative Services Eastern Suffolk, Board of Cooperative

Services Western Suffolk and Board of Cooperative Services Westchester.

Deborah L. Hewitt, Massapequa, NY, for the Defendant Meizner Business Machines.

Sullivan & Cromwell, New York City (Richard C. Pepperman, II, and Ronald J. Colombo, of Counsel), for the Defendant Microsoft Corporation.

Defendant J & L Information Services, No Appearance.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This action arises out of a claim by *Pro Se* plaintiff Walter N. Iwachiw ("Iwachiw" or the "plaintiff") against the defendants the New York City Board of Education (the "Board of Education"), the Board of Cooperative Services Nassau ("Boces Nassau"), the Board of Cooperative Services Eastern Suffolk ("Boces Eastern Suffolk"), the Board of Cooperative Services Western Suffolk ("Boces Western Suffolk"), the Board of Cooperative Services Westchester ("Boces Westchester") (collectively, the "Boces defendants"), Meizner Business Machines ("Meizner"), Microsoft Corporation ("Microsoft") and J & L Information Services ("J & L Information"). The plaintiff alleges that the defendants engaged in a conspiracy to fix bid prices for the sale of computer-related equipment and services to schools and governmental agencies in New York and New Jersey thereby violating, among other things, the plaintiff's constitutional and civil rights. Presently before the Court are motions by the Board of Education, the Boces defendants, Meizner and Microsoft to dismiss the amended complaint pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure.

## I. BACKGROUND

### A. The State Action

On or about March 28, 1999, the plaintiff *Pro Se* commenced an action in the New York Supreme Court, Suffolk County against, among others, the Board of Education, the Boces defendants, Meizner, Microsoft and J & L Information. In particular, the plaintiff alleged that the defendants engaged in a conspiracy to fix bid prices for the sale of computer-related equipment and services to schools and governmental agencies in New York and New Jersey thereby violating, among other things, the plaintiff's constitutional and civil rights under state and federal law.

In this complaint, the plaintiff alleged further that as a result of his discovery of the alleged bid rigging, the defendants eliminated him as a potential bidder for the sale of equipment and services. The plaintiff also alleges that the bid rigging by the defendants constituted a monopoly. The Boces defendants, Meizner and Microsoft each moved to dismiss the complaint.

On September 8, 1999, the Honorable John J. Dunn of the Supreme Court, Suffolk County granted the motion of the Boces defendants based on the plaintiff's failure to serve a timely complaint, failure to comply with the General Municipal Law and failure to state a cause of action. *Iwachiw v. Doe*, No. 98–25990 (N.Y.Sup.Ct. Sept. 8, 1999). In particular, Justice Dunn stated that:

The complaint consists of seven paragraphs, all of which contain vague and incomprehensible allegations related to plaintiff's purported claims against the various defendants. The complaint contains a laundry list of actions or grievances against these defendants, ranging from defamation to interference with a public utility to extortion to crimes against children to common law negli-

gence, all allegedly related in some way to 'bid rigging' and the elimination of plaintiff as a bidder for computers and other supplies. The complaint is bereft, however, of any factual support whatsoever for these claims.

*Id.* at 5. On the same date, Justice Dunn also granted the motion of Meizner to dismiss the complaint for failure to state a cause of action and insufficient service of process. *Iwachiw v. Doe,* No. 98–25990, at 3 (N.Y.Sup.Ct. Sept. 8, 1999).

On September 10, 1999, Justice Dunn granted the motion of Microsoft to dismiss the complaint for failure to state a cause of action. *Iwachiw v. Doe,* No. 98–25990 (N.Y.Sup.Ct. Sept. 10, 1999). In particular, he stated that "the complaint is incoherent and contains no factual allegations regarding Microsoft. It consists instead of nothing more than conclusory assertions. As a result, the complaint utterly fails to provide Microsoft with the required notice of plaintiff's claims and must be dismissed." *Id.* at 3.

On October 14, 1999, the plaintiff filed a notice of appeal with the New York State Appellate Division, Second Department (the "Appellate Division"). Thereafter, the Appellate Division granted the plaintiff an enlargement of time to perfect his appeal until June 30, 2000. *Iwachiw v. Doe,* No. 99–09641–44 (N.Y.App.Div. May 22, 2000). The plaintiff failed to perfect his appeal by this time and moved for another enlargement of time. On September 5, 2000, the Appellate Division denied the plaintiff's request for an enlargement of time and dismissed the appeal from, among other things, the above-mentioned orders of Judge Dunn for failure to timely perfect. *Iwachiw v. Doe,* No. 99–09641–44, 00–01215, 00–01217, 00–01218, 00–02394 & 00–04024 (N.Y.App.Div. Sept. 5, 2000).

On December 8, 2000, the Appellate Division denied the plaintiff's motion to reargue the dismissal his appeal for failure to timely perfect. *Iwachiw v. Doe,* No. 99–09641–44, 00–01215, 00–01217, 00–01218, 00–02394 & 00–04024 (N.Y.App.Div. Dec. 8, 2000). On or about January 9, 2001, the plaintiff filed a motion for leave to appeal, the order of the Appellate Division, to the New York Court of Appeals (the "Court of Appeals"). On March 27, 2001, the Court of Appeals dismissed the appeal on the grounds that "the remainder of the Appellate Division order [*i.e.,* the orders of the Supreme Court with respect to, among others, the Boces defendants, Meizner and Microsoft] sought to be appealed from does not finally determine the action within the meaning of the Constitution." *Iwachiw v. Doe,* 96 N.Y.2d 774, 725 N.Y.S.2d 632, 749 N.E.2d 201 (N.Y.2001).

## B. The Instant Action

The following facts are taken from the amended complaint in this action. At the outset, the Court notes that the amended complaint contains one hundred and sixty-seven paragraphs which are largely unintelligible.

In or about 1982, the plaintiff incorporated WNI Sales, a supplier of computer equipment and services. At this time, WNI Sales began submitting bids on contracts to supply computer-related equipment and services to the Boces defendants and the Board of Education. Shortly after its incorporation, WNI Sales entered into various contracts with the Boces defendants and the Board of Education to supply computer-related equipment and services.

In or about 1990, the plaintiff alleges that he determined that one Steven Moskowitz ("Moskowitz") of Boces Nassau participated with J & L Information in a bid rigging scheme which fraudulently eliminated the plaintiff as a successful bidder of equipment and services on an unidentified contract. The plaintiff further alleges that

shortly after he learned of the bid rigging scheme, he told one Alan Macklowe ("Macklowe") the Director of Purchasing for Boces Nassau of his suspicions that Moskowitz and J & L Information engaged in a fraudulent bid rigging scheme.

The plaintiff next alleges that after he told Macklowe of his suspicions, Macklowe initiated a claim against WNI Sales for non-responsive bids involving Boces Nassau contracts. Shortly thereafter, the plaintiff appeared at a hearing on this claim before the Treasurer of Boces Nassau one William Rafter ("Rafter"). The plaintiff alleges that he advised Rafter of his suspicion that Boces Nassau was involved in the rigging of bids with respect to computer equipment. After the hearing, Macklowe allegedly told the plaintiff that he will get every entity doing business with WNI Sales to cancel their contracts with WNI Sales.

The plaintiff further alleges that in May of 1993, one Luis Andujar ("Andujar"), the Director of Contract Compliance for the Board of Education, telephoned the plaintiff concerning the status of certain undelivered purchase orders which were thirty days overdue. The plaintiff alleges that Andujar, intending to eliminate him from the pool of potential bidders with the Board of Education, held on to the above-mentioned purchase orders for thirty days and then mailed them to him. Shortly thereafter, the Board of Education did not award any more contracts to the plaintiff.

The plaintiff next alleges that Microsoft modified the academic program in New York City to restrict choice and competition in violation of the antitrust laws. In support of this statement, the plaintiff states that in or about 1994, Microsoft, WNI Sales and Meizner submitted bids to the Board of Education with respect to the sale of certain computer equipment and that Meizner was awarded the contract.

The plaintiff then alleges that in or about 1993, WNI Sales submitted information outlining purchase order fraud on the part of Meizner to an unidentified special investigator. The special investigator allegedly referred the matter to the Investigations Unit of the Board of Education (the "Investigations Unit"). Unidentified individuals then allegedly instructed the Investigations Unit to destroy this information.

The plaintiff next alleges that in or about 1995, Boces Eastern Suffolk held a hearing to determine whether the plaintiff was a non-responsive bidder for purposes of contracts with Boces Eastern Suffolk. After the hearing, Boces Eastern Suffolk adjudicated the plaintiff a non-responsive bidder thereby precluding him from bidding on future contracts. Boces Eastern Suffolk allegedly used perjury to reach this determination.

The plaintiff further alleges that in or about 1998, the Board of Education initiated non-responsive bidder proceedings against WNI Sales for failure to timely provide certain products pursuant to contracts that were awarded to WNI Sales. The plaintiff alleges that the proceedings were initiated in retaliation for "whistle-blowing".

The plaintiff also alleges that he was "locked out" of his former place of business located at 620 Johnson Avenue in Bohemia, New York by one Paul Fortunato ("Fortunato") and one Robert Bente ("Bente") and that the plaintiff was ultimately evicted wrongfully from the premises on November 17, 1996. The plaintiff also alleges that one Kevin Greene, an employee of Fortunato, assaulted him during the eviction. Finally, the plaintiff alleges that his wife, a social worker employed with Boces Western Suffolk, was wrongfully terminated.

On April 21, 2000, the plaintiff filed a complaint in this action. On July 17, 2000, at a hearing before United States Magistrate Judge E. Thomas Boyle, the plaintiff asked for permission to amend his complaint. Judge Boyle gave the plaintiff until September 30, 2000 to file an amended complaint. On October 2, 2000, the plaintiff filed the amended complaint in this matter.

In the amended complaint, the plaintiff appears to assert twenty-four causes of action. In particular, the plaintiff claims violations of RICO (four counts), the Sherman Act, the Clayton Act, the Fair Claims Act, the Telecommunications Act, the Federal Torts Act, breach of contract, unlawful eviction, abuse of process (two counts), negligent infliction of assault, battery and personal injury, breach of warranty, maintenance and cure, negligent personal injury, breach of duty of habitability, 42 U.S.C. § 1983, defamation, conversion, violation of real property laws and threats to public policy. Presently before the Court are motions by the Board of Education, the Boces defendants, Meizner and Microsoft to dismiss the amended complaint pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure.

## II. DISCUSSION

### A. Rule 8(a)

#### 1. Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed.R.Civ.P. 8(a)(2). Each averment in the complaint must be "simple, concise, and direct." Fed.R.Civ.P. 8(e)(1). The Second Circuit has stated that:

> The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to

answer and prepare for trial, allow the application of *res judicata*, and identify the nature of the case so it may be assigned the proper form of trial.

*Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir.1995) (internal quotations & citations omitted). *See also Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (stating that "the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial.") (citations omitted).

A district court has the authority to dismiss a complaint, when it fails to comply with Rule 8. *Salahuddin*, 861 F.2d at 42. However, dismissal "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* If a district court "dismisses the complaint for failure to comply with Rule 8, it should generally give the plaintiff leave to amend." *Simmons*, 49 F.3d at 86–87. "The complaint of a *pro se* litigant is to be liberally construed in his favor." *Id.* at 87 (citation omitted).

Although the amended complaint is not a model of clarity, the Court finds that it gives notice to the defendants of essentially five factual events that give rise to the plaintiff's claims: (1) the alleged bid rigging between Moskowitz and J & L Information which eliminated the plaintiff as a successful bidder of equipment and services for a Boces Nassau contract in or about 1990; (2) the initiation of nonresponsive bidder proceedings in 1990 or 1991 by Boces Nassau against the plaintiff after he told Macklowe of his suspicions of the above-mentioned bid rigging; (3) the use of alleged perjury at a non-responsive bidder proceeding by Boces Eastern Suffolk against the plaintiff in 1995; (4) the initiation of non-responsive bidder proceedings

by the Board of Education against the plaintiff in 1998 in retaliation for "whistle-blowing"; and (5) the wrongful eviction of the plaintiff from his business on November 17, 1996. Accordingly, the motions to dismiss the amended complaint under Rule 8(a) are denied.

## B. Rule 12(b)(6)

### 1. Standard

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court should dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of her or his complaint which would entitle her or him to relief. *King v. Simpson*, 189 F.3d 284, 286 (2d Cir.1999); *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir.1996). The court must accept all well-pled factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Koppel v. 4987 Corp.*, 167 F.3d 125, 127 (2d Cir.1999); *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). The issue is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims. *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995).

As to materials presented outside the pleadings, the Second Circuit has stated that:

> Rule 12(b) gives district courts two options when matters outside the pleadings are presented in response to a 12(b)(6) motion: the court may exclude the additional material and decide the motion on the complaint alone or it may convert the motion to one for summary judgment under Fed.R.Civ.P. 56 and afford all parties the opportunity to present supporting material. *See* Fed. R.Civ.P. 12(b).

*Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir.1988). The Second Circuit has strictly enforced "the conversion requirement of Rule 12(b)(6) where there is a legitimate possibility that the district court relied on inappropriate material in granting the motion." *Amaker v. Weiner*, 179 F.3d 48, 50 (2d Cir.1999). The purpose is to ensure that "courts will refrain from engaging in fact-finding when considering a motion to dismiss, and also that plaintiffs are given a fair chance to contest defendants' evidentiary assertions...." *Id.*

So that, in a motion to dismiss under Rule 12(b)(6), the court must confine its consideration "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir.1999); *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir.1999).

The parties to the present motions have provided the Court with transcripts of various hearings, letters and decisions from the plaintiff's state court action in support of their respective positions. The Court will not convert the motion to dismiss to one for summary judgment but will rather decide the motion on the amended complaint and the matters of which judicial notice may be taken.

### 2. Review of the Pleadings of a *Pro Se* Plaintiff

■ In addressing the present motions, the Court is mindful that the plaintiff is proceeding *pro se* and that his submissions should be held " 'to less stringent standards than formal pleadings drafted by lawyers....' " *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (per curiam) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972)); *see also Ferran v.*

*Town of Nassau,* 11 F.3d 21, 22 (2d Cir. 1993). The Court recognizes that it must make reasonable allowances so that a *pro se* plaintiff does not forfeit rights by virtue of her or his lack of legal training. *See Traguth v. Zuck,* 710 F.2d 90, 94 (2d Cir. 1983).

■ Indeed, district courts should "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.' " *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)). Nevertheless, the Court is also aware that *pro se* status " 'does not exempt a party from compliance with relevant rules of procedural and substantive law.' " *Traguth,* 710 F.2d at 95 (quotations omitted).

### 3. *Res Judicata*

■ "Under the doctrine of *res judicata,* or claim preclusion, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been raised* in that action.' " *Flaherty v. Lang,* 199 F.3d 607, 612 (2d Cir.1999) (quoting *Rivet v. Regions Bank of La.,* 522 U.S. 470, 476, 118 S.Ct. 921, 925, 139 L.Ed.2d 912 (1998)). The Supreme Court has stated that:

> [P]ublic policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties. We have stressed that the doctrine of *res judicata* is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, of public policy and of private peace, which should be cordially regarded and enforced by the courts. . . .

*Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 401, 101 S.Ct. 2424, 2429, 69 L.Ed.2d 103 (1981) (internal quotations & citations omitted).

■ The doctrine of *res judicata* is equally applicable to *pro se* plaintiffs. *See Iwachiw v. Gen. Elec. Corp.,* No. 99–3668, 2000 WL 381977, at *3–4 (E.D.N.Y. Feb.22, 2000) (applying *res judicata* and *collateral estoppel* to bar the action by the *pro se* plaintiff who seeks to litigate matters in the federal forum that have already been litigated in arbitration); *Iwachiw v. Gen. Elec. Corp.,* No. 99–3668, 2000 WL 1141086, at *3 (E.D.N.Y. July 10, 2000) (applying *res judicata* and *collateral estoppel* to bar litigation of the *pro se* plaintiff's amended complaint); *Carlin v. Gold Hawk Jt. Venture,* 778 F.Supp. 686, 693 (S.D.N.Y.1991) (stating that the doctrine of *res judicata* applies to *pro se* plaintiffs).

■ It is well settled that "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 80, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). Accordingly, the Court turns to the law of the State of New York when determining the preclusive effect of the state-court judgments with respect to the Boces defendants, Meizner and Microsoft.

■ "New York courts have adopted the 'transactional approach' to *res judicata,* holding that if claims arise out of the same 'factual grouping' they are deemed to be part of the same cause of action and the later claim will be barred without regard to whether it is based upon different legal theories or seeks different or additional relief." *Davidson v. Capuano,* 792 F.2d 275, 278 (2d Cir.1986) (citing *Smith v. Russell Sage Coll.,* 54 N.Y.2d 185, 192–93, 445 N.Y.S.2d 68, 71, 429 N.E.2d 746 (1981)). *See also Hodes v. Axelrod,* 70 N.Y.2d 364, 372, 520 N.Y.S.2d 933, 937, 515 N.E.2d 612

(N.Y.1987). "For, what 'factual grouping' constitutes a 'transaction' or 'series of transactions' depends on how 'the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage...." *Smith*, 54 N.Y.2d at 192–93, 445 N.Y.S.2d at 71, 429 N.E.2d 746 (citations omitted).

Here, the chief participants in the relevant events in the state and federal actions are the same: the Boces defendants, the Board of Education, Meizner, Microsoft and J & L Information. In addition, each action involves the same time period. Furthermore, the basis for the plaintiff's state court action against the Boces defendants, Meizner and Microsoft was that the defendants engaged in a conspiracy to fix bid prices for the sale of computer-related equipment and services to schools and governmental agencies in New York and New Jersey. All of the plaintiff's allegations in the amended complaint are based upon the same alleged conspiracy. Accordingly, the claims in the amended complaint arise out of the same "factual grouping" as in the state court action.

The next issue for this Court to decide is whether there is a final judgment on the merits of the action in the state court that bars litigation of the amended complaint. *See Flaherty*, 199 F.3d at 612 (stating that the doctrine of *res judicata* can only apply to a final judgment on the merits of an action). In September of 1999, Justice Dunn dismissed the complaint in the state action against the Boces defendants, Meizner and Microsoft for, among other things, failure to state a cause of action. The Appellate Division dismissed the appeal of these orders for failure to timely perfect and the Court of Appeals dismissed the appeal on the grounds that the Supreme Court orders with respect to these defendants do not finally determine the action.

*Iwachiw v. Doe*, 96 N.Y.2d 774, 725 N.Y.S.2d 632, 749 N.E.2d 201 (2001).

 Under New York law, "[a] judgment dismissing a cause of action before the close of the proponent's evidence is not a dismissal on the merits unless it specifies otherwise...." N.Y. C.P.L.R. § 5013 (McKinney 2002). Furthermore, a judgment dismissing a complaint for failure to state a cause of action is not given *res judicata* effect unless the judgment specifies that it is on the merits. *Hodge v. Hotel Employees & Rest. Employees Union Local 100 of the AFL–CIO*, 269 A.D.2d 330–31, 703 N.Y.S.2d 184, 185 (N.Y.App. Div.2000); *Plattsburgh Quarries, Inc. v. Palcon Ind., Inc.*, 129 A.D.2d 844, 845, 513 N.Y.S.2d 861, 862 (N.Y.App.Div.1987) (same).

 None of the applicable orders in state court indicate that the complaint was dismissed on the merits. Justice Dunn dismissed the complaint against the Boces defendants, Meizner and Microsoft because it failed to adequately plead the required elements of the asserted claims. Justice Dunn also dismissed the complaint against the Boces defendants on the alternative ground of failure to file a notice of claim under General Municipal law § 50–e. However, this applies only to the state law claims, not the claims made under federal law.

Furthermore, the decision of the Court of Appeals indicates that the orders dismissing the complaint against the Boces defendants, Meizner and Microsoft were not on the merits. *See Iwachiw*, 96 N.Y.2d at 774, 725 N.Y.S.2d at 632, 749 N.E.2d 201 (stating that the remainder of the Appellate Division order [applicable to the Boces defendants, Meizner and Microsoft] does not finally determine the action). Accordingly, the doctrine of *res judicata* does not bar the litigation of the amended complaint.

#### 4. Failure to State a Claim

##### a. The Board of Education

None of the allegations in the amended complaint against the Board of Education state a claim upon which relief can be granted. In conclusory fashion, the plaintiff alleges that the Board of Education initiated non-responsive bidder proceedings against the plaintiff for alleged "whistleblowing". First, the amended complaint does not make any intelligible allegation of retaliation by the Board of Education for "whistleblowing".

█ Second, any state cause of action against the Board of Education arising out of the facts alleged in the amended complaint must be dismissed for failure to serve timely notice of claim with the Board of Education. *See* N.Y. Educ. Law § 3813(1) (McKinney 2002) (requiring that a written notice of claim be filed within three months of the accrual of the claim). Moreover, since the proceedings occurred in or about 1998 and the plaintiff did not file his action until April 21, 2000, he has failed to comply with the one year limitation period under New York State law. *See* N.Y. Educ. Law § 3813(2–b) (McKinney 2002) (requiring that action involving the rights or interests of any district or school be commenced within one year after the claim arose).

Finally, the plaintiff does not allege that the Board of Education entered into an agreement or was a member of the alleged "conspiracy". *See Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc.,* 187 F.3d 229, 240 (2d Cir.1999) ("To prove a conspiracy, a plaintiff must show a corrupt agreement, an overt act in furtherance of that agreement, and membership in the conspiracy by each defendant."); *Kashi v. Gratsos,* 790 F.2d 1050, 1055 (2d Cir.1986). Accordingly, the motion to dismiss the amended complaint against the Board of Education is granted.

##### b. The Boces defendants

The amended complaint does not allege any specific claims against Boces Western Suffolk and Boces Westchester. Accordingly, the motion to dismiss the amended complaint against Boces Western Suffolk and Boces Westchester is granted. The Court now turns to the issue of whether the amended complaint states a claim against either Boces Nassau or Boces Eastern Suffolk.

█ The putative civil RICO claim arising from the plaintiff's suspicion of bid rigging between Boces Nassau and J & L Information is barred by the statute of limitations. The limitations period for a civil RICO action is four years. *Agency Holding Corp. v. Malley–Duff & Assoc., Inc.,* 483 U.S. 143, 156, 107 S.Ct. 2759, 2767, 97 L.Ed.2d 121 (1987). The plaintiff's cause of action accrued in 1990 when Boces Nassau and J & L Information committed the alleged bid rigging. *See Rotella v. Wood,* 528 U.S. 549, 554, 120 S.Ct. 1075, 1079, 145 L.Ed.2d 1047 (2000) (stating that a cause of action for civil RICO accrues when a defendant commits an act that injuries the plaintiff, not when the plaintiff has both suffered an injury and discovered the pattern of alleged RICO activity). Because the plaintiff filed his action on April 21, 2000, his civil RICO claim is time-barred.

Moreover, any causes of action arising out of the initiation of non-responsive bidder proceedings in 1990 or 1991 are barred by the statute of limitations. *See Harris v. City of New York,* 186 F.3d 243, 247–48 (2d Cir.1999) (stating that three years is the statute of limitations for a New York based Section 1983 cause of action); *Okure v. Owens,* 816 F.2d 45, 49 (2d Cir.1987) (same). Accordingly, the motion to dismiss the amended complaint against Boces Nassau is granted.

Finally, any causes of action arising out of the alleged perjury committed by Boces Eastern Suffolk during the non-responsive bidder proceeding in or about 1995 are also barred by the statute of limitations. *See Harris*, 186 F.3d at 247–48 (applying three year statute of limitations for New York based Section 1983 claim). Accordingly, the motion to dismiss the amended complaint against Boces Eastern Suffolk is granted.

### c. Meizner

 None of the allegations in the amended complaint against Meizner state a claim upon which relief can be granted. In conclusory fashion, the amended complaint alleges that in or about 1993, WNI Sales submitted information outlining purchase order fraud on the part of Meizner to an unidentified special investigator. The amended complaint does not allege what conduct was fraudulent or how it impacted the plaintiff.

Moreover, any alleged civil RICO claim arising out of the purchase order fraud in or about 1993 is barred by the statute of limitations. *See Agency Holding Corp.*, 483 U.S. at 156, 107 S.Ct. at 2767 (stating that the statute of limitations for a civil RICO action is four years). Furthermore, the plaintiff does not allege that Meizner entered into an agreement or was a member of the alleged "conspiracy". *See Cofacredit*, 187 F.3d at 240 (stating that the plaintiff must show an agreement, an overt act in furtherance of that agreement and membership in the conspiracy by each defendant). Accordingly, the motion to dismiss the amended complaint against Meizner is granted.

### d. Microsoft

None of the allegations in the amended complaint against Microsoft state a claim upon which relief can be granted. In conclusory fashion, the amended complaint alleges that Microsoft modified the academic program in New York City to restrict choice and competition in violation of the antitrust laws. The only support for this allegation is that in 1994, Microsoft, WNI Sales and Meizner bid on a contract, which Meizner was awarded. However, this allegation establishes that the plaintiff did not suffer an injury at the hands of Microsoft. *See New York v. Julius Nasso Concrete Corp.*, 202 F.3d 82, 88 (2d Cir.2000) (stating that a link between the injury suffered and the illegal practice is an essential element of a civil antitrust claim).

 Moreover, an antitrust violation under 15 U.S.C. § 15(b) must be commenced within four years after the cause of action accrues. 15 U.S.C. § 15(b) (2002). "An antitrust cause of action accrues as soon as there is injury to competition." *Johnson v. Nyack Hosp.*, 86 F.3d 8, 11 (2d Cir.1996). The plaintiff alleges that he suffered an injury to competition based upon Microsoft's action in 1994. Accordingly, the antitrust claim accrued in 1994 and because this action was filed on April 21, 2000, it is now barred by the statute of limitations.

 Furthermore, the amended complaint fails to allege that Microsoft entered into an agreement or was a member of the alleged "conspiracy". *See Cofacredit*, 187 F.3d at 240; *Kashi*, 790 F.2d at 1055. Accordingly, the motion to dismiss the amended complaint against Microsoft is granted.

### C. Rule 15

 Rule 15 (a) of the Federal Rules of Civil Procedure provides in pertinent part that leave to amend a party's pleading "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility . . . ."

*Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir.2000). "This relaxed standard applies with particular force to *pro se* litigants." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir.1999). "[W]hen addressing a *pro se* complaint, a district 'court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Thompson v. Carter*, 284 F.3d 411, 416–17 (2d Cir.2002) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir.1991)). " 'Futility' is a valid reason for denying a motion to amend ... only where it is 'beyond doubt that the plaintiff can prove no set of facts in support' of his amended claims." *Pangburn*, 200 F.3d at 70–71 (citation omitted).

 Allowing the plaintiff to file another amended complaint against the Boces defendants, Meizner and Microsoft would be futile because the claims are barred by the applicable statute of limitations. Accordingly, the Court declines to permit the plaintiff to file another amended complaint against these defendants because it is beyond doubt that the plaintiff can prove no set of facts in support of his claims against them.

With respect to the Board of Education, the Court is unable to state that it is beyond doubt that the plaintiff can prove no set of facts in support of his claim arising out of the non-responsive bidder proceedings that took place in 1998. Accordingly, in light of the plaintiff's *pro se* status, the Court grants the plaintiff thirty days from the date of this order to file an amended complaint against the Board of Education concerning the non-responsive bidder proceedings.

The Court is mindful that the Board of Education has endured a degree of undue delay at the hands of the plaintiff. In particular, the plaintiff has essentially filed three separate complaints against the Board of Education in this matter: (1) the state court complaint in March of 1999; (2) the federal court complaint in April of 2000; and (3) the federal court amended complaint in October of 2000. However, because of the plaintiff's *pro se* status and the fact that a claim could arise out of the nonresponsive bidder proceedings, the Court gives the plaintiff a final chance to file an amended complaint against the Board of Education.

**D. Injunction against New Actions Filed by the Plaintiff**

 District courts have the power and the responsibility "to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to [other parties] and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir.2000) (internal quotations & citations omitted). A district court may issue a filing injunction when "a plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive ... proceedings." *Id.* (internal quotations & citations omitted); *see also Malley v. New York City Bd. of Educ.*, 112 F.3d 69, 69 (2d Cir.1997) (per curiam) (filing injunction may issue if numerous complaints filed are based on the same events).

 A district court " 'may not issue [a filing injunction] without notice to the party enjoined and an opportunity for that party to be heard.'" *MLE Realty Assocs. v. Handler*, 192 F.3d 259, 261 (2d Cir.1999) (citation omitted). In its motion to dismiss the amended complaint, Meizner has asked this Court to enjoin the plaintiff from filing any new actions in the United States District Court for the Eastern District of New York without first seeking leave from the Court. In the alternative, Meizner seeks

an award of costs and sanctions against the plaintiff in connection with defending the plaintiff's alleged frivolous claims. In opposition, the plaintiff states "[t]o add insult to injury the defendants attorney should dare to seek to preclude valid claims against an ongoing criminal enterprise for which as previously stated and fully supported by the evidence." Plaintiff's Opposition at 21. Accordingly, the plaintiff has been given an adequate opportunity to be heard with respect to the filing of an injunction.

 The Second Circuit has stated that:

[T]he district court, in determining whether or not to restrict a litigant's future access to the courts, should consider the following factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir v. United States Lines Inc.*, 792 F.2d 19, 24 (2d Cir.1986). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Id.*

The first factor weighs heavy against the plaintiff. Since June of 1999, the plaintiff has filed nine separate complaints *pro se* in the United States District Court for the Eastern District of New York. *See Iwachiw v. Gen. Elec. Corp.*, No. 99–3668 (E.D.N.Y. filed Jun. 28, 1999); *Iwachiw v.*

*Bd. of Educ.*, No. 99–6229 (E.D.N.Y. filed Oct. 1, 1999); *Iwachiw v. Boces Nassau*, No. 00–2341 (E.D.N.Y. filed Apr. 21, 2000); *Iwachiw v. New York State Bd. of Elections*, No. 00–5144 (E.D.N.Y. filed Aug. 25, 2000); *Iwachiw v. Bente*, No. 01–1441 (E.D.N.Y. filed Jan. 29, 2001); *Iwachiw v. Gersh*, No. 01–2254 (E.D.N.Y. filed Apr. 9, 2001); *Iwachiw v. New York City Bd. of Elections*, No. 01–4724 (E.D.N.Y. filed July 11, 2001); *Iwachiw v. New York City Bd. of Elections*, No. 01–6290 (E.D.N.Y. filed Sept. 12, 2001); and *Iwachiw v. Massanari*, No. 01–7268 (E.D.N.Y. filed Oct. 24, 2001).

During this time, the plaintiff has also commenced a minimum of four actions in the courts of the State of New York. *See Iwachiw v. Doe*, 96 N.Y.2d 774, 725 N.Y.S.2d 632, 749 N.E.2d 201 (N.Y.2001); *Iwachiw v. New York State Dep't of Transp.*, 96 N.Y.2d 792, 725 N.Y.S.2d 641, 749 N.E.2d 210 (N.Y.2001); *Iwachiw v. New York State Bd. of Elections*, 96 N.Y.2d 746, 723 N.Y.S.2d 128, 746 N.E.2d 183 (N.Y.2001); and *Iwachiw v. Bd. of Elections of Suffolk County*, 265 A.D.2d 590, 703 N.Y.S.2d 400 (N.Y.App.Div.1999).

The second factor, the litigant's motive in pursuing the litigation, favors the defendants because the plaintiff's chances of prevailing in this matter appear slim. In particular, the state action, involving the same facts in this case, was dismissed for failure to state a cause of action. Moreover, the claims against the Boces defendants, Meizner and Microsoft are barred by the applicable statute of limitations. The claims against the Board of Education were also dismissed for failure to state a claim upon which relief can be granted. Although the Court will afford the plaintiff one final chance to file an amended complaint that states a claim against the Board of Education with respect to the non-responsive bidder proceedings that took

place in 1998, the plaintiff has already failed to file an adequate complaint on this issue three times.

The third factor, whether the litigant is represented by counsel, favors the plaintiff because he is proceeding *pro se.* The fourth factor, whether the litigant has caused needless expense to other parties and the courts, weighs against the plaintiff. The amended complaint arises out of the same facts in the state court action. Once Justice Dunn dismissed the plaintiff's complaint, the plaintiff immediately commenced an action in federal court. The Court finds that the present action does constitute needless expense to the parties and the courts.

Moreover, this is not the first time that the plaintiff has commenced an action in federal court after receiving an unfavorable ruling or judgment in another forum. *See Iwachiw v. Gen. Elec. Corp.,* No. 99–3668, 2000 WL 381977, at *3–4 (E.D.N.Y. Feb.22, 2000) (applying *res judicata* and *collateral estoppel* to bar the action by the *pro se* plaintiff who seeks to litigate matters in the federal forum that have already been litigated in arbitration); *Iwachiw v. Gen. Elec. Corp.,* No. 99–3668, 2000 WL 1141086, at *3 (E.D.N.Y. July 10, 2000) (applying *res judicata* and *collateral estoppel* to bar litigation of the *pro se* plaintiff's amended complaint).

The fifth factor, the adequacy of other sanctions to protect the courts and other parties, is a difficult issue. As a litigant, the plaintiff is subject to sanctions under Rule 11 of the Federal Rules of Civil Procedure. At this time, in the Court's view, sanctions are not appropriate. However, the Court finds that an order enjoining the plaintiff from filing further actions in the federal district courts of New York against the Boces defendants, Meizner and Microsoft without leave of the Court is appropriate to protect the parties from vexatious litigation and harassment.

Accordingly, the Court directs that the plaintiff seek leave from this Court before filing any additional actions against the Boces defendants, Meizner and Microsoft arising out of or relating to (1) the alleged conspiracy to fix bid prices for the sale of computer-related equipment and services to schools and governmental agencies in New York and New Jersey and (2) the elimination of the plaintiff as a potential bidder for the sale of equipment and services.

## III. CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED,** that the motion to dismiss the amended complaint against the Board of Education is **GRANTED;** and it is further

**ORDERED,** that the motion to dismiss the amended complaint against Boces Western Suffolk and Boces Westchester is **GRANTED;** and it is further

**ORDERED,** that the motion to dismiss the amended complaint against Boces Nassau is **GRANTED;** and it is further

**ORDERED,** that the motion to dismiss the amended complaint against Boces Eastern Suffolk is **GRANTED;** and it is further

**ORDERED,** that the motion to dismiss the amended complaint against Meizner is **GRANTED;** and it is further

**ORDERED,** that the motion to dismiss the amended complaint against Microsoft is **GRANTED;** and it is further

**ORDERED,** that the plaintiff is permitted to file an amended complaint against the Board of Education within thirty days from the date of this order and that the failure to do so will result in the closing the case with prejudice; and it is further

**ORDERED,** that the plaintiff is not permitted to file an amended complaint

against the Boces defendants, Meizner or Microsoft; and it is further

**ORDERED,** that the plaintiff must seek leave of this Court before filing any additional actions against the Boces defendants, Meizner and Microsoft arising out of or relating to (1) the alleged conspiracy to fix bid prices for the sale of computer-related equipment and services to schools and governmental agencies in New York and New Jersey and (2) the elimination of the plaintiff as a potential bidder for the sale of equipment and services; and it is further

**ORDERED,** that the Clerk of the Court is directed to amend the caption as follows: WALTER N. IWACHIW, Plaintiff,

against

NYC BRD OF EDUCATION, J & L IN-FORMATION–SERVICES (CHATCOM, INC.), Defendants.

**SO ORDERED.**