■ 401 WEST 14TH STREET FEE LLC, Respondent, v MER DU NORD NOORDZEE, LLC, Doing Business as "MARKT" RESTAURANT, Appellant. [825 NYS2d 15]—

Order and judgment (one paper), Supreme Court, New York County (Joan A. Madden, J.), entered July 11, 2006, declaring, upon plaintiff landlord's motion for a preliminary injunction prohibiting defendant tenant from, inter alia, interfering with plaintiff's right to show the premises to prospective tenants, and defendant's cross motion pursuant to CPLR 3211 (a) (7) to dismiss the action, that defendant's lease had been validly terminated by the prior owner, unanimously affirmed, with costs.

Since interpretation of an unambiguous lease is involved, raising pure issues of law for the court (*see Hirsch v Food Resources, Inc.*, 24 AD3d 293, 295 [2005]), the motion court properly determined the merits of the action at this juncture (*cf. Mihlovan v Grozavu*, 72 NY2d 506, 508 [1988]; *see Law Research Serv. v Honeywell, Inc.*, 31 AD2d 900, 901 [1969]). The language in issue gives the landlord an option to terminate the lease early if, inter alia, it "determines that it must reoccupy said premises in preparation or furtherance of a bona fide sale or redevelopment of the *entire* property into residential use." We reject defendant's argument that the phrase "into residential use" modifies both "bona fide sale" and "renovation of the entire building," such that the condition to an early termination is either "a bona fide sale . . . into residential use" or a "redevelopment of the entire property into residential use." Instead, we find that the use and placement of the word "or" makes the building's bona fide sale a condition that is separate from and alternative to its redevelopment for residential use. The prior owner's termination notice stating that it had entered into a bona fide contract of sale was not defective for lack of accompanying proof showing that the contract was bona fide, since the validity of the termination notice was not conditioned on the submission of such proof ("Landlord will furnish tenant with proof of any such sale or redevelopment *when* such notice is given" [emphasis added]; *cf. Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 691 [1995] [examples of unmistakable language of condition are "if" and "unless and until"]). Thus, the prior owner's subsequent provision of the unredacted contract in response to defendant's request was not an impermissible attempt to cure any defect retroactively (*cf. Domen Holding Co. v Aranovich*, 1 NY3d 117, 124 [2003]). We have considered defendant's other arguments and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Sullivan, Catterson, Malone, JJ.