■ STELIOS COUTSODONTIS, Appellant, v GEORGE PETERS et al., Respondents. [831 NYS2d 902]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered February 6, 2006, which granted defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint, unanimously affirmed, with costs.

The action, which seeks, inter alia, to adjudicate plaintiff the owner of shares in defendant corporation as the donee of an inter vivos gift, was properly dismissed at this juncture (*see 401 W. 14th St. Fee LLC v Mer Du Nord Noordzee, LLC*, 34 AD3d 294 [2006]; *Leder v Spiegel*, 31 AD3d 266 [2006]) on the ground that plaintiff's allegations were contradicted by the alleged donor's August and September 2000 writings unequivocally demonstrating her intent that the transfers of the shares take effect after her death. Thus, the required element of present donative intent was lacking (*see Gruen v Gruen*, 68 NY2d 48, 53 [1986]).

In light of the existence of other pending actions involving the issue of ownership of the shares, we note that an order granting a CPLR 3211 (a) (7) motion will have res judicata effect with respect to matters decided on the merits (*see Amsterdam Sav. Bank v Marine Midland Bank*, 140 AD2d 781 [1988]; *Plattsburgh Quarries v Palcon Indus.*, 129 AD2d 844 [1987]; *Furia v Furia*, 116 AD2d 694 [1986]; Siegel, NY Prac § 276 [4th ed]). Here, the only determination made on the merits is that no inter vivos gift was made to plaintiff under New York law. Concur—Tom, J.P., Mazzarelli, Williams, McGuire and Kavanagh, JJ. [*See* 11 Misc 3d 1066(A), 2006 NY Slip Op 50402(U) (2006).]