SUMMARY ORDER

Walter N. Iwachiw appeals pro se from an order of the 45 United States District Court for the Eastern District of New 46 York (Bianco, J.), denying his motion for default judgment, dismissing his complaint in its entirety with prejudice, and denying him leave to file a third amended complaint. Iwachiw v. New York City Bd. of Educ., No. 00-CV-2341, 2007 WL 433401 (E.D.N.Y. Feb. 5, 2007). We assume the *10 parties’ familiarity with the underlying facts, the procedural history, and the issues presented for review.
In brief, Iwachiw owned a corporation that had entered into various contracts to supply computer-related equipment and services to defendant-appellants BOCES Nassau, BOCES Eastern Suffolk, BOCES Westchester, BOCES Western Suffolk (collectively the “BOCES defendants”), and the New York City Board of Education (the “Board”). Iwachiw alleges that the BOCES defendants and the Board, along with defendants Microsoft Corporation and Meizner Business Machines, Inc. engaged in a massive conspiracy to fix bid prices for the sale of computer-related equipment and services to schools and governmental agencies. He alleged further that, as a result of his discovery of the alleged bid-rigging, the defendants took steps to eliminate him as a potential bidder for the sale of equipment and services.
After a state court action brought by Iwachiw against the defendants was dismissed, Iwachiw v. Doe, No. 98-25990 (N.Y.Sup.Ct. Sept. 8, 1999), and his appeal was procedurally defaulted, see Iwachiw v. Doe, 96 N.Y.2d 774, 725 N.Y.S.2d 632, 749 N.E.2d 201 (2001), Iwachiw brought the instant suit in federal court. He alleged over twenty causes of action, including violations of, inter alia, the 1863 False Claims Reform Act, the Sherman Act, the Clayton Act, the Racketeer Influenced and Corrupt Organization Act (“RICO”), as well as the Constitution and various civil rights statutes. (The complaint was one of nine pro se suits filed in the Eastern District of New York between 1999 and 2001. Iwachiw filed four other pro se suits in state court during that time.)
In this action, the district court dismissed Iwachiw’s first amended complaint by Memorandum and Order dated March 29, 2002. Iwachiw v. N.Y. City Bd. of Educ., 194 F.Supp.2d 194, 207-08 (E.D.N.Y.2002). The court enjoined Iwa-chiw from filing, without prior court approval, any actions against the BOCES defendants, Microsoft, or Meizner “arising out of or relating to the alleged conspiracy to fix bid prices for the sale of computer-related equipment and services to schools and governmental agencies in New York and New Jersey and/or relating to the elimination of the plaintiff as a potential bidder for the sale of equipment and services.” Id. at 206-08. However, “[b]e-cause of the plaintiffs pro se status and the fact that a claim could arise out of the non-responsive bidder proceedings,” the court granted Iwachiw “a final chance to file an amended complaint against the Board of Education.” Id. at 206.
Iwachiw filed a second amended complaint on May 28, 2002. However, contrary to the court’s order, he did not amend the caption to exclude the defendants who were previously dismissed with prejudice.
Although the Board was served with the second amended complaint, it apparently misplaced the case file, and nothing happened in the case for a number of years. After a status inquiry from the court, the Board eventually filed a renewed motion to dismiss, and Iwachiw subsequently filed a motion for a default judgment. The Board’s motion was granted, and Iwa-chiw’s motion for default was denied. 2007 WL 433401 at *6. The district court also denied Iwachiw leave to amend: “The vague and conclusory nature of the second amended complaint—which simply added new disjointed, baseless allegations, including attempted murder and arson—further supports this Court’s denial of plaintiffs request for leave to re-plead.... ” Id. Iwachiw now appeals.
*11 For substantially the reasons stated by the district court, Iwachiw’s claims were properly dismissed under Fed.R.Civ.P. 12(b)(6). Many of Iwachiw’s federal causes of action are time-barred, and others are vague and conclusory. See, e.g., Sommer v. Dixon, 709 F.2d 173, 175 (2d Cir.1983)(“A complaint containing only conclusory, vague, or general allegations of conspiracy ... cannot withstand ... dismiss[al].”).
Nor was it an abuse of discretion for the district court to refuse to appoint counsel for Iwachiw, Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 200 (2d Cir.2003); or to deny Iwachiw extended time to file motion papers, see Sanozky v. Int’l Ass’n of Machinists and Aerospace Workers, 415 F.3d 279, 283 (2d Cir.2005).
Finally, the district court properly enjoined Iwachiw from filing further suits against the BOCES defendants, Meizner and Microsoft arising out of or relating to the alleged bid-rigging. In light of the fact that Iwachiw has filed approximately thirteen actions in state and federal court arising from similar facts, such an injunction was appropriate under Safir v. United States Lines Inc., 792 F.2d 19, 24 (2d Cir.1986).
Finding no merit in Iwachiw’s remaining arguments, we hereby AFFIRM the judgment of the district court.