■ THE BOARD OF MANAGERS OF THE A BUILDING CONDOMINIUM et al., Plaintiffs, v 13th & 14th STREET REALTY, LLC, et al., Defendants, HUDSON MERIDIAN CONSTRUCTION GROUP, LLC, Sued Herein as HUDSON MERIDIAN CONSTRUCTION GROUP, Appellant, and AMERICAN HYDROTECH, INC., Respondent. HUDSON

MERIDIAN CONSTRUCTION GROUP, LLC, Third-Party Plaintiff, v DEMAR PLUMBING CORP. et al., Third-Party Defendants, and BAY RESTORATION CORP., Third-Party Defendant-Appellant. [6 NYS3d 249]—

Orders, Supreme Court, New York County (Barbara Jaffe, J.), entered September 3, 2013 and October 25, 2013, which to the extent appealed from, granted summary judgment to defendant American Hydrotech dismissing the complaint against it, unanimously affirmed, without costs.

Even if Hydrotech's motion to dismiss should not have been converted to a motion for summary judgment, dismissal of the complaint was warranted pursuant to CPLR 3211 (a) (1), based on Hydrotech's unambiguous Watertightness Warranty (see *Four Seasons Hotels v Vinnik*, 127 AD2d 310, 318 [1st Dept 1987]; see also *401 W. 14th St. Fee LLC v Mer Du Nord Noordzee, LLC*, 34 AD3d 294, 295 [1st Dept 2006]). The warranty expressly pertains solely to the watertightness of Hydrotech's product, which it sold to third-party defendant Bay Restoration for installation on the roof of plaintiffs' condominium, and did not pertain to any damage to the base over which the product was installed, the building structure, or any improper installation (see UCC 2-316 [1]; see also *West 63 Empire Assoc., LLC v Walker & Zanger, Inc.*, 107 AD3d 586, 586 [1st Dept 2013]). Further, the warranty expressly limits the building owner's remedies to the repair of the product or the repayment of the original cost of the product, the latter of which Hydrotech chose to do (see UCC 2-316 [4]). Accordingly, under the express terms of the warranty, Hydrotech's liability to plaintiffs thereunder immediately ceased upon repayment.

The limitation of remedies does not fail in its essential purpose (see UCC 2-719 [2]), as plaintiffs received the benefit of their bargain (see *Cayuga Harvester v Allis-Chalmers Corp.*, 95 AD2d 5, 11 [4th Dept 1983]).* Concur—Tom, J.P., Renwick, DeGrasse, Manzanet-Daniels and Clark, JJ.

---

* We note that American Hydrotech's motion called for a dismissal of the complaint only. Accordingly, the orders appealed from made no disposition of any cross claims. We therefore do not address such cross claims on this appeal.