GEORGE PETERS, Appellant, v STELIOS COUTSODONTIS, Respondent, et al., Defendants. [65 NYS3d 185]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered July 18, 2016, which, to the extent appealed from as limited by the briefs, granted defendant Stelios Coutsodontis's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff George Peters and his uncle, Stelios Coutsodontis, have been involved in a lengthy dispute over stock ownership of a family shipping business, Sea Trade Maritime Corporation. In February 2005, Coutsodontis and others commenced an action against Peters and others, alleging that Peters had engaged in self-dealing. In an affidavit submitted in opposition to a motion to dismiss the complaint in the 2005 action, Coutsodontis stated that the power of attorney naming Peters as attorney-in-fact bore what he believed was a forged signature of the appointing authority. In February 2007, based on these statements, Peters brought the instant defamation action.

Supreme Court properly concluded that the alleged defamatory statements were pertinent to the 2005 action and therefore absolutely protected by the judicial proceedings privilege (*see Sexter & Warmflash, P.C. v Margrabe*, 38 AD3d 163, 173 [1st Dept 2007], *abrogated on other grounds by Front, Inc. v Khalil*, 24 NY3d 713 [2015]). The statement in the complaint alleging that Peters fraudulently awarded himself an employment contract, was obviously related to the fraud allegations (*see Lacher v Engel*, 33 AD3d 10, 13 [1st Dept 2006]). The statement regarding the authenticity of the power of attorney related to Peters' ability to award himself the contract, and was thus pertinent to the allegation that Peters engaged in self-dealing (*see Hadar v Pierce*, 111 AD3d 439 [1st Dept 2013], *lv*

*denied* 23 NY3d 904 [2014]). Public policy favors having litigants speak freely in judicial proceedings (*see Rosenberg v MetLife, Inc.*, 8 NY3d 359, 365 [2007]).

There are no facts alleged supporting a conclusion that the instant litigation is "a sham action brought solely to defame," which would otherwise destroy the privilege (*see Flomenhaft v Finkelstein*, 127 AD3d 634, 638 [1st Dept 2015]; *Lacher*, 33 AD3d at 13-14). Coutsodontis prosecuted his claims in the 2005 action, opposed plaintiff's motion to dismiss the 2005 action, and appealed the order of dismissal (*see Coutsodontis v Peters*, 39 AD3d 274 [1st Dept 2007]). His failure to prevail on the 2005 action does not vitiate the privilege, since "[i]f the privilege existed only in cases that were ultimately sustained, none of the persons whose candor is protected by the rule—parties, counsel or witnesses—would feel free to express themselves" (*Lacher* at 14).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Richter, J.P., Webber, Gesmer and Oing, JJ.